# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STEPHANIE JOLLA ADAMS,
DELVIN M. ADAMS, DORIAN M.
ADAMS, LEIF T. ADAMS, II,
AND KHALILAH LIGHTNER

VERSUS

EAST BATON ROUGE PARISH AND
THE CITY PARISH GOVERNMENT
OF EAST BATON ROUGE,
LOUISIANA AND EAST BATON
ROUGE PARISH COMMUNICATION
DISTRICT

DECEMBER 29, 2022

---

In Re:    East Baton Rouge Parish Communications District, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 648955.

---

BEFORE: McDONALD, McCLENDON, THERIOT, HOLDRIDGE, AND CHUTZ, JJ.

**WRIT GRANTED.** The district court's December 3, 2021 judgment denying the motion for summary judgment filed by Defendant, East Baton Rouge Parish Communications District (EBR Communications) is hereby reversed. Pursuant to La. R.S. 33:9108(B), EBR Communications is immune from civil damages resulting from 911 services except when said damages are a result of willful or wanton misconduct or gross negligence. To amount to gross negligence, the conduct of the offender must not only show a lack of care, it must show an "entire," "utter," "complete," or "extreme" lack of care. **Binkley v. Landry,** 2000-1710 (La. App. 1st Cir. 9/28/01), 811 So.2d 18, 26, writ denied, 2001-2934 (La. 3/8/02), 811 So.2d 887. Here, the 911 dispatcher took multiple steps to attempt to reestablish Mr. Adams's call. While the dispatcher was ultimately unsuccessful, such steps establish that the plaintiffs will be unable at trial to maintain their burden of proving gross negligence on the part of EBR Communications and EBR Communications is entitled to summary judgment. The claims against Defendant, East Baton Rouge Parish Communications District, asserted by Plaintiffs, Stephanie Jolla Adams, Delvin M. Adams, Dorian M. Adams, Leif T. Adams, and Khalilah Lightner, are dismissed with prejudice.

JMM
PMc
WRC

**Theriot, J.,** concurs.

**Holdridge, J.,** dissents and would deny the writ. Defendant failed to establish that no genuine issues of material fact exist as to whether the damages resulted from its gross negligence. Typically, summary judgment is rarely appropriate for the disposition of issues requiring a determination of the reasonableness of acts and conduct of parties under all of the circumstances of a particular case. **Jones v. Louisiana Med. Ctr. & Heart Hosp., LLC,** 2020-0551 (La. App. 1st Cir. 12/30/20), 2020 WL 7770927. The difference between ordinary negligence and

gross negligence is the level or degree of lack of care shown by the offending party. **Binkley v. Landry,** 2000-1710 (La. App. 1st Cir. 9/28/01), 811 So.2d 18, <u>writ denied</u>, 2001-2934 (La. 3/8/02), 811 So.2d 887. Determination of whether the defendant's actions were negligent, and even further to what level or degree any negligent acts constitute gross negligence, requires the weighing of evidence not permitted on a motion for summary judgment.

COURT OF APPEAL, FIRST CIRCUIT

*a.s~*

_____
DEPUTY CLERK OF COURT
FOR THE COURT